ALBERT G. GRAHAM, Appellant, *v.* ARCHIBALD M. GRAHAM et al., Executors, etc., Respondents.

In an account presented by plaintiff against the estate of his father was an item of $2,062.50, claimed to be the amount of two certificates of deposit loaned by him to his father in July, 1876. In an action upon the account against the executor defendants claimed and gave evidence tending to show that the certificates were delivered by plaintiff to their testator in part payment of an indebtedness to him, incurred in 1865; this indebtedness plaintiff claimed he paid in 1866. On the trial defendants called M. as a witness and were permitted to prove by him that plaintiff in 1878, after the death of his father, procured witness to draw a receipt under date of April 4, 1866, to which plaintiff was to procure the signature of his father to be forged, acknowledging receipt by the latter of $6,681.44 to be applied in settlement of said indebtedness. *Held*, no error; that the testimony of M. tended to establish the existence of the indebtedness and that it was unpaid in 1878 ; and it also strengthened defendant's evidence that the certificates were not transferred as a loan but as a payment.

Also, *held*, it did not affect the materiality of the evidence that the scheme of forgery was originally concocted to aid plaintiff in another suit then pending.

(Argued October 26, 1888; decided November 27, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made April 17, 1886, which affirmed a judgment in favor of defendants, entered upon the report of a referee.

This action was brought against defendants as executors of the estate of Henry Graham, deceased, the father of plaintiff, upon an account presented by him against said estate, which had been rejected by the executors. Among the items of the account was one for $2,062.50, claimed by plaintiff to be the amount of two certificates of deposit loaned by him to his father July 24, 1866. Defendants claimed that the certificates were transferred in part payment of an indebtedness of plaintiff to his father. It appeared that in 1865 the plaintiff, who had entered into a contract with one Peckham for the purchase of a farm, assigned the same to his father as security for the payment of two mortgages upon the farm, which had been taken up by the latter and assigned to him, and for advances made by him in paying the balance due Peckham on the contract. The amount of these advances was $6,681.44. Peckham, at the request of the father, conveyed the farm to Eliza Graham, the wife of the latter, who held the title at the time of his death. After such death plaintiff commenced an action against Eliza Graham to compel a conveyance of the farm to him, he claiming that the advances had been paid by him. The defendants herein called one Miller as a witness and were permitted to prove by him, under objection and exceptions, the facts stated in the opinion.

*H. V. Howland* for appellant.

*Vandenburg & Saxton* for respondents. Any circumstance disclosing conduct on the part of the plaintiff, inconsistent with the fact of defendants' indebtedness to him, raises a presumption against the existence of the fact. (*Sawyer* v. *Warner*, 15 Barb. 282–285.) The question, "Will you state whether you did or did not deliver this $5,500 to Jacob Waldruff?" was incompetent under section 829 of the Code, as it involved a transaction between plaintiff and his father. (*Brague* v. *Lord*, 67 N. Y. 495; *Oliver* v. *Freligh*, 36 Hun, 633; *Holcomb* v. *Holcomb*, 95 N. Y. 317, 326.) The admission of a conversation between witness and defendants' testator, about

which·the witness was not competent to speak, but which did not prejudice defendants, is not ground for reversal. (*Rowland* v. *Hegeman*, 1 Hun, 491.)

ANDREWS, J. The referee rejected the claim made by the plaintiff against the estate of his father as fictitious and fraudulent, and the evidence fully justifies his conclusion The only point urged for the reversal of the judgment, which has any color of plausibility, arises on the exception to the admission of the testimony of Miller, to the effect, that in December, 1878, after the death of Henry Graham, the plaintiff procured Miller to draw a receipt in his handwriting, under date of April 4, 1866, to which the plaintiff was to procure the signature of Henry Graham, to be forged, acknowledging the receipt by Henry Graham from the plaintiff, in behalf of the plaintiff's wife, of the sum of $6,681.44, to be applied to satisfy the mortgages on the Peckham farm, and the balance due Peckham on the plaintiff's contract for its purchase. The contract had been assigned by the plaintiff to Henry Graham in 1865, who held it as security for the mortgages taken up by him, and for advances in paying the balance due Peckham on the contract. The conveyance from Peckham was thereafter made to the wife of Henry Graham at the request of the latter.

The testimony·of Miller was material to the issue. The plaintiff's account against the estate of his father consisted of a large number of items for property sold and money lent and advanced. Among the items was one for $2,062.50, claimed by the plaintiff to represent two certificates of deposit for $1,000 each, and interest to July 24, 1876, which, on that day, he loaned to his father, Henry Graham. Several witnesses were called by the plaintiff to establish this·claim. The defendants, on the other hand, gave evidence tending to show that the two certificates were transferred to Henry Graham to apply on the farm debt, and the referee found this to have been the fact. The evidence of Miller of the scheme on the part of the plaintiff to show by a forged receipt that

this debt was paid in 1866, if credited, tended both to establish the existence of the farm debt, and also that it was unpaid in 1878, when the scheme was concocted. It also strengthened the direct evidence that the certificates were not transferred to Henry Graham as a loan, but as a payment, since it showed that there was a debt owing at that date by the plaintiff to his father. If the plaintiff was then owing a debt of many thousands of dollars to his father which had existed since 1866, it was a circumstance bearing upon plaintiff's claim that in 1876 his father was borrowing from him. It does not affect the materiality of the evidence that the scheme of forgery was originally concocted to aid the plaintiff in his suit brought after his father's death to compel his mother and his brother Archibald to convey the farm to him. The transaction was an admission which was relevant to the issues in this case. The argument of the appellant's counsel is based upon the assumption that the evidence was admitted to contradict the item of $2,000 in the account charged in May, 1874. But this is a misapprehension.

We find no error in the judgment and it should, therefore, be affirmed.

All concur.

Judgment affirmed.